UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JAMES LAURINO, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. CIV 98-0439-S-EJL |
| vs. | ) | |
| | ) | MEMORANDUM DECISION & ORDER |
| SYRINGA GENERAL HOSPITAL, a political | ) | |
| subdivision of the State of Idaho; DAVID P. | ) | |
| BODINE, JR., MARY ANN SOLBERG, | ) | |
| MARY SCHMIDT, CHARLES A. PRATT, | ) | |
| BETTY J. ALM, and KAREN COBURN, | ) | |
| each individually and in official capacities; | ) | |
| and, WAYNE HOLLOPETER, M.D., | ) | |
| individually and in his official capacity; and | ) | |
| JOHN DOES 1-5, individually and in official | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court in the above-entitled matter is Plaintiff's motion to alter or amend judgment. The matter is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2).

## Standard on Reconsideration

Neither the Federal Rules of Civil Procedure nor the Local Rules provide for a motion to reconsider.  However, the Ninth Circuit has stated that motions to reconsider should be treated as motions to alter or amend under Federal Rule of Civil Procedure 59(e).  Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1419 (9th Cir. 1984).  The scope and purpose of such a motion have been analyzed as follows:

> Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. (Citations omitted).  These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued.  (Citations omitted).  Moreover they cannot be used to argue a case under a new legal theory. (Citations omitted).

Federal Deposit Insurance Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986);

> Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.
> . . .
> [A] rehash of the arguments previously presented affords no basis for a revision of the Court's order.

Illinois Central Gulf Railroad Company, v. Tabor Grain Company, 488 F.Supp. 110, 122 (N.D. Ill. 1980).  Where Rule 59(e) motions are merely being pursued "as a means to reargue matters already argued and disposed of and to put forward additional arguments which [the party] could have made but neglected to make before judgment, [S]uch motions are not properly classifiable as being motions under Rule 59(e)" and must therefore be dismissed.  Davis v. Lukhard, 106 F.R.D. 317, 318 (E.D. Va. 1984).  See also, Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983) ("Plaintiff improperly used the motion to reconsider to ask the Court to rethink what the Court had already thought -- rightly or wrongly.").  The Ninth Circuit has identified three reasons sufficient to warrant a court's reconsideration of a prior order:  (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent

manifest injustice.  <u>School Dist. No. 1J v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993), <u>cert.</u>

<u>denied</u>, 512 U.S. 1236 (1994).  Upon demonstration of one of these three grounds, the movant

must then come forward with "facts or law of a strongly convincing nature to induce the court to

reverse its prior decision."  <u>Donaldson v. Liberty Mut. Ins. Co.</u>, 947 F. Supp. 429, 430 (D. Haw.

1996).

> Federal Rule of Civil Procedure 60(b)(6), states:

> On motion and upon such terms as are just, the court <u>may</u> relieve a party or a party's
> legal representative from a final judgment, order, or proceeding for the following reasons
> ... (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b)(6) (emphasis added).  The Ninth Circuit has held that a party merits relief

under Rule 60(b)(6) if he demonstrates "extraordinary circumstances which prevented or

rendered him unable to prosecute [his case]."  <u>Community Dental Services v. Tani</u>, 282 F.3d

1164 (9th Cir. 2002) (citing <u>Martella v. Marine Cooks & Stewards Union</u>, 448 F.2d 729, 730

(9th Cir. 1971) (per curiam); <u>see also</u> <u>Pioneer Investment Servs. v. Brunswick Assocs. Ltd.</u>

<u>P'ship</u>, 507 U.S. 380, 393 (1993).  The party must demonstrate both injury and circumstances

beyond his control that prevented him from proceeding with the prosecution or defense of the

action in a proper fashion.  <u>Id.</u>, 282 F.3d at 1167 (citing <u>United States v. Alpine Land &</u>

<u>Reservoir Co.</u>, 984 F.2d 1047, 1049 (9th Cir. 1993)).  Clause 60(b)(6) is a "catch-all" clause that

is read as being exclusive of the other grounds for relief listed in Rule 60.  <u>Id.</u> at n. 8 (citing

<u>Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.</u>, 791 F.2d 1334, 1338 (9th

Cir. 1986)).

## Discussion

On March 14, 2005 the Court entered an order granting Defendants' motion for summary

judgment.  (Dkt. No. 195).  As a result, Plaintiff has filed the instant motion to reconsider or alter

judgment arguing the Court failed to consider the evidence and allegations in the motion for

summary judgment in the light most favorable to the Plaintiff.  The motion states that the Court

erred in weighing the evidence, by "adopting" the Defendants' assertions, and making factual findings. In sum, Plaintiff contends the Court's ruling was clear error and manifestly unjust and, as such, should be reconsidered. The motion is made pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). Defendants oppose the motion arguing the response to the motion for summary judgment was untimely, the record supports the decision, and there are additional grounds for the Court's decision.

Plaintiff's motion challenges several points of the Court's order alleging a manifest injustice exists as a result of the Court's conclusions. The allegations are essentially the same arguments forwarded in the briefing on the motion for summary judgment only couched as err by the Court in failing to apply the appropriate standard on summary judgment and, Plaintiff argues, thereby committing manifest injustice. Having reviewed the previous order in light of the Plaintiff's arguments, the Court has determined that it identified and applied the appropriate standard on summary judgment in this case. It is important to note that the standard on summary judgment includes not only that the evidence be viewed in the light most favorable to the non-moving party, but also that where the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which that party will bear the burden of proof at trial summary judgment is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In addition, there exists a presumption where the HCQIA process is challenged which the Plaintiff had the burden of overcoming on summary judgment. The HCQIA standard on summary judgment required the Court to consider whether

> "[A] reasonable jury, viewing the facts in the best light for [the non-moving party], conclude that he has shown, by a preponderance of the evidence, that the defendants' actions are outside the scope of § 11112(a)?" In applying this standard, the Court must apply an objective standard asking whether Dr. Laurino "has provided sufficient evidence to permit a jury to find that he has overcome, by a preponderance of the evidence, the presumption that physicians in the defendants' position would reasonably have believed that their action was warranted by the facts."

MEMORANDUM DECISION & ORDER - 4

(Dkt. No. 195, p. 7) (citations omitted).  The Court applied these standards throughout its decision and were the basis upon which the Court ultimately concluded that summary judgment was proper.  As to the motion for relief pursuant to Rule 60(b), the Plaintiff has failed to prove such relief is warranted.  Therefore, the Court denies the motion to reconsider and/or alter or amend the judgment.[1]

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **HEREBY DENIES** Plaintiff's Motion to Reconsider and/or Alter or Amend Judgment (Dkt. No. 200).

DATED:  **June 14, 2005**

_____
Honorable Edward J. Lodge
U. S. District Judge

---

[1]  However, upon reviewing the March 14, 2005 order (Dkt. No. 195) as it appears in the Court's record, there is an error in the order on page 7.  The second to last sentence should state: "Therefore, Dr. Lauino's arguments here do <u>not</u> overcome the presumption that the Defendants' actions were in furtherance of quality health care."  (emphasis added).  The order shall be amended to include the above language accordingly.

MEMORANDUM DECISION & ORDER - 5