UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JAMES LAURINO, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. CIV 98-0439-S-EJL |
| vs. | ) | |
| | ) | MEMORANDUM ORDER |
| SYRINGA GENERAL HOSPITAL, a political | ) | |
| subdivision of the State of Idaho; DAVID P. | ) | |
| BODINE, JR., MARY ANN SOLBERG, | ) | |
| MARY SCHMIDT, CHARLES A. PRATT, | ) | |
| BETTY J. ALM, and KAREN COBURN, | ) | |
| each individually and in official capacities; | ) | |
| and, WAYNE HOLLOPETER, M.D., | ) | |
| individually and in his official capacity; and | ) | |
| JOHN DOES 1-5, individually and in official | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court in the above-entitled matter are Defendants' motions for attorney fees. The motions are fully briefed and ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2).

**Factual and Procedural Background**

The initial complaint in this matter was filed in federal court on November 5, 1998. The complaint alleged various federal and state law claims relating to a peer review proceeding of the Plaintiff, Dr. James Laurino, conducted by the Defendants, Syringa General Hospital and various individually named Defendants. (Dkt. No. 1). The peer review resulted in the denial of

Plaintiff's privileges at Syringa General Hospital.  After much delay and an appeal, the case began proceeding forward again in earnest in December of 2003.  Plaintiff changed counsel in May of 2004 and, upon securing new counsel, in September of 2004 filed the second amended complaint in this action alleging causes of action for breach of contract, due process violations pursuant to 42 U.S.C. § 1983, bad faith, tortious interference with prospective economic advantage and/or contract, defamation, emotional distress, and antitrust violations.  (Dkt. No. 111).  Again, the claims were asserted against a number of Defendants including Syringa General Hospital and certain individual doctors and administrators working for the hospital. Plaintiff later voluntarily dismissed certain of the claims including all claims against the individual Defendants with the exception of Defendant Hollopeter.  (Dkt. Nos. 133, 150).  The claims remaining were  breach of contract, § 1983, tortious interference with prospective economic advantage, and defamation.  Following the voluntary dismissal, Defendants filed their first petition for attorney fees (Dkt. No. 166) seeking an award for fees expended as to the dismissed claims (Dkt. No. 155).  Plaintiff filed an opposition to the motion arguing such fees are not warranted and challenging the amount of the requested fees.

Subsequently, on March 14, 2005, the Court entered an order granting Defendants' motion for summary judgment on the remaining claims (Dkt. No. 195) and judgment was entered in favor of the Defendants (Dkt. No. 196).  The Court recently issued an order denying Plaintiff's motion to alter or amend judgment (Dkt. No. 210).  Defendants have filed their final motion for attorney fees (Dkt. No. 203) as to those claims upon which the Court granted their motion for summary judgment and recovery for their expert witness fees and associated costs.  Plaintiff contends, however, that the claims were not frivolous and his voluntary dismissal of certain claims does not evidence bad faith on his part in bringing the claims but, instead, a responsible decision to save the court and counsel time and money by narrowing the technical issues for trial.

MEMORANDUM ORDER - 2

## Discussion

Each motion for attorney fees cite both state and federal law as grounds for granting the motions; 42 U.S.C. §§ 1988, 11113 and Idaho Code §§ 12-117, 120(3), 121, and 123. Defendants also seek to recover their expert witness fees, again citing to both state and federal law, 42 U.S.C. § 11113, Federal Rule of Civil Procedure 37(d), and Idaho Code § 12-101 and Idaho Rule of Civil Procedure 54(d). Plaintiff's objections to the motions also cite both state and federal law.

This is not a diversity case. The case was filed in federal court pursuant to 28 U.S.C. §§ 1331, 1337, 1338, 1343, and 1367. The claims raised are predominately federal claims with the inclusion of one state law claim, the breach of contract claim, over which the Court has exercised supplemental jurisdiction. The Court's order granting voluntary dismissal was based on federal procedural law and the order granting summary judgment in favor of Defendants was based entirely on federal law. (Dkt. No. 150, 195). Because the Defendants are the prevailing party in this case based solely on federal law, the Court will apply federal law in ruling on the motions for attorney fees.

I. <u>First Motion: Voluntarily Dismissed Claims</u>:

On December 10, 2004, Plaintiff filed a motion to voluntarily dismiss certain causes of action pursuant to Federal Rule of Civil Procedure 41(a)(2). (Dkt. No. 133). The Court granted the motion and the claims for bad faith, emotional distress, antitrust, tortious interference with contract, and all causes of action against the individual defendants, with the exception of Dr. Hollopeter, were dismissed with prejudice. (Dkt. No. 150). Defendants then filed a bill of costs and petition for attorney fees as to the dismissed claims; seeking an award of attorney fees in the amount of $51,393.25 plus costs associated with the dismissed claims. (Dkt. Nos. 163, 166, 168). Defendants argue attorney fees are appropriate pursuant to 42 U.S.C. §§ 1988, 11113 and Idaho Code §§ 12-121 and 12-123, which each provide for an award of attorney fees where the

MEMORANDUM ORDER - 3

claims brought were frivolous.  Plaintiff filed an objection to the bill of costs (Dkt. No. 192) and response to the petition for attorney fees (Dkt. No. 175) to which Defendants have replied (Dkt. Nos. 197, 199).  Plaintiff asserts his claims were not frivolous and, therefore, attorney fees on these claims are not proper.

District courts should examine the frivolousness of each individual claim, not the suit as a whole.  See 42 U.S.C. § 11113 (stating that a court shall award to a party "defending against any such claim the cost of the suit attributable to such claim ... if the claim ... was frivolous, ...."). Whether a party's conduct is frivolous or without foundation is a question committed to the sound discretion of the district court.  See Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421,  (1978) (district court has discretion to award attorney's fees to a prevailing defendant in a Title VII case if it finds that the plaintiff's actions were frivolous, unreasonable, or without foundation).  A claim "is frivolous if the result is obvious or the arguments of error are wholly without merit."  Smith v. Ricks, 31 F.3d 1478, 1489 (9th Cir. 1994) (citation omitted).  In Christiansburg Garment Co., the Supreme Court provided the following caveat:

In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset a party may have an entirely reasonable ground for bringing suit.

434 U.S. at 421-22.

Defendants assert that had Plaintiff conducted a reasonable inquiry into the facts and law before filing these claims he would have discovered that the claims could not survive and the Defendants would not have incurred the fees required to defend against these claims which they now seek to recover.  In particular, Defendants note that the case was litigated for seven years

before Plaintiff voluntarily dismissed the claims and that was only after Defendants filed their motion for summary judgment. Plaintiff argues the petition for attorney fees fails to provide the necessary details of the requested fees and maintains his claims were not frivolous, unreasonable, without foundation, meritless, in bad faith, or vexatious. In sum, Plaintiff argues the claims raised in the complaint were brought in good faith based upon the facts known at the time and were ultimately dismissed after the taking of depositions which reveled the applicable facts and in an effort to narrow the issues for trial and save all the parties additional expense.

Having reviewed the claims applicable on this motion the Court denies the same. While the Court appreciates that this matter has been pending for some time, some of the delay is attributable to Plaintiff's successful appeal. Upon finally securing current counsel, Plaintiff made a rather timely decision to dismiss the instant claims which unquestionably saved the Court and counsel time and money. Moreover, because Plaintiff dismissed these claims the Court never had the opportunity to consider the substance of the claims and determine whether Plaintiff possessed evidence sufficient to reach a jury. While the Defendants have offered much argument as to the merits of these claims, the Court does not now conclude that the claims were frivolous or without foundation at the time of their dismissal.

II. <u>Second Motion: Claims Resolved on Summary Judgment</u>:

Defendants seek attorney fees on the contract and tort claims upon which the Court granted their motion for summary judgment. The motion is made pursuant to Idaho Code §§ 12-121, 123(1)(b)(ii) and 42 U.S.C. §§ 1988, 1113(c). Defendants argue the claims were meritless, unreasonable, and without support in fact or law and, therefore, such fees are appropriate. Plaintiff maintains the claims were not frivolous and challenges the reasonableness of the amount of fees requested.

Title 42 U.S.C. § 11113 provides for the payment of reasonable attorneys' fees and costs in defense of a suit in certain situations; it states

MEMORANDUM ORDER - 5

> In any suit brought against a defendant, to the extent that a defendant has met the standards set forth under [42 U.S.C. § 11112(a)] and the defendant substantially prevails, the court shall at the conclusion of the action, award to a substantially prevailing party defending against any such claim the cost of the suit attributable to such claim, including a reasonable attorney's fee, if the claim, or the claimant's conduct during the litigation of the claim, was frivolous, unreasonable, without foundation, or in bad faith.

"The policy behind this provision is clear: Congress wanted to encourage professional peer review by limiting the threat of unreasonable litigation expenses."  Smith v. Ricks, 31 F.3d at 1487.  "To recover under § 11113 'defendants must establish (1) that they are among the persons covered by § 11111; (2) that the standards set in § 11112(a) were followed; (3) that they substantially prevailed; and (4) that [plaintiff's] claims or conduct during the litigation were frivolous, unreasonable, without foundation or in bad faith.'"  Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 472-73 (6th Cir. 2003) (citations omitted); see also Mathews v. Lancaster General Hosp., 87 F.3d 624, 642 (3rd Cir. 1996)).  District courts examine the frivolousness of each individual claim, not the suit as a whole.  See 42 U.S.C. § 11113 (stating that a court shall award to a party "defending against any such claim the cost of the suit attributable to such claim ... if the claim ... was frivolous, ....").  Again, whether a party's conduct is frivolous or without foundation is a question committed to the sound discretion of the district court.  See Christiansburg Garment Co., 434 U.S. at 421.  A claim "is frivolous if the result is obvious or the arguments of error are wholly without merit."  Smith v. Ricks, 31 F.3d at 1489 (citation omitted).

In this case, the Court granted the Defendants' motion for summary judgment on all but the § 1983 claim by concluding that the HCQIA immunity precluded Defendants' liability as to the Plaintiff's claims in this action because Defendants had satisfied the standards enumerated in § 11112(a).[1]  (Dkt. No. 195).  The law regarding the application of HCQIA immunity is clear and was clear prior to Plaintiff filing his complaint.  The record in this case is also clear as were

---

[1]  The Court granted summary judgment as to the § 1983 cause of action on different grounds.

the Court's conclusions of law that the immunity provision of HCQIA applied. The Court's conclusions of law reached on summary judgment were based on the record presented and the applicable standards for summary judgment. This was not a close question. Thus, the Plaintiff's arguments and claims precluded by HCQIA's immunity provision were frivolous and without foundation in law or fact. The Defendants have substantially prevailed on these claims. The Defendants have established that attorney fees are proper pursuant to § 11113.

As to the § 1983 claim, the Court concluded summary judgment was also appropriate on this claim. (Dkt. No. 195). An "award of fees under § 1988 to a prevailing defendant is unusual because the policy reasons behind the award of fees to a prevailing plaintiff are not present when a defendant prevails. A district court in its discretion, however, may award a defendant in a civil rights suit attorneys' fees under § 1988 when a 'plaintiff's action was frivolous, unreasonable, or without foundation.'" Muzquiz v. W.A. Foote Memorial Hosp., Inc., 70 F.3d 422, 432 (6th Cir. 1995) (citation omitted).

Just as was concluded on the tort claims, the Court also finds an award of attorney fees is appropriate as to the § 1983 claim. Plaintiff could not have prevailed on this claim as against either the hospital or the individual defendants. This was or should have been known to Plaintiff at the outset of the litigation. Section 1983 claims, as raised in this case, are intended to provide redress for violations of due process. The peer review process in this case, however, clearly satisfied due process requirements. Even viewing the evidence in the light most favorable to the Plaintiff and accepting Plaintiff's theory as true, the process engaged in by the Defendants did not infringe upon Plaintiff's due process rights. The Court finds that the § 1983 claim was frivolous and attorney fees are appropriate.

C)    Amount of Attorney Fees:

On this final motion for fees, Defendants request a total amount of $143,196.50 to include attorney fees and paralegal fees.[2]   The affidavit in support of the final motion for fees and summary of fees (Dkt. No. 205) includes charges from October 7, 2000 through March 25, 2005. The summary excludes most of the fees sought under the first motion which covered the time from October 7, 2003 to December 16, 2004.   There is, however, some overlap in the two summaries and, therefore, the Court has reduced the amount of fees on this final motion accordingly by $1,520 to account for the overlap between the two motions.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Jordan v. Multnomah County, 815 F.2d 1258, 1262 & n.5 (9th Cir. 1987) (explaining the method for arriving at the "lodestar" figure).   In determining a reasonable fee award, the Court considers both the "experience, skill and reputation of the attorney requesting fees" Trevino v. Gates, 99 F.3d 911, 924 (9th Cir. 1996), as well as "the prevailing market rates in the relevant community," Blum v. Stenson, 465 U.S. 886, 895 (1984).   The "fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." Jordan, 815 F.2d at 1262.

Upon considering the parties briefs and the summary of fees the Court finds that an appropriate award of fees as to all of these claims is $121,157.10.   The Court has taken great care and detail in reviewing the summary of fees in this matter and deemed it necessary to reduce certain of the hours billed resulting from excessive reviews, conferences, and emails

---

[2]  In the supporting affidavit of Kim C. Stanger (Dkt. No. 205), defense counsel states that an additional $2,240 will be incurred in addressing the attorney fees issue and responding to Plaintiff's motion to reconsider.  Thus, the affidavit notes the total amount requested is $145,436.50. Because these anticipated fees are not part of the formal motion requesting the fees and, at the time of the affidavit, are only an estimate, the Court denies the same.

between defense counsel, associates, and the third-party insurer.[3]  In addition, many hours billed by attorneys were for services that could have been performed by the paralegal staff at a reduced rate to the client.  In some instances there was billing for the same services by two individuals and, thus, the Court further reduced the fee amount on this basis.  Finally, the Court reduced the hourly rate of the summer associate to $90 per hour.  While the summer associate undoubtedly provided quality work, it seems excessive to charge only $15 per hour less for his work than that of an associate.  That being said, the Court finds the hourly rates charged for the remaining individuals are reasonable.

After considering all the information presented in this case, the Court finds that an attorney fee of $121,157.10 represents a reasonable amount of time expended and a reasonable rate given the legal and factual issues involved, the amount claimed, and the results obtained.  In the absence of any evidence to the contrary and based on this Court's experience with the award of attorney's fees in similar cases in the District of Idaho, the Court finds this amount is consistent with the reasonable rate in a case of this nature and "in line with those prevailing in the community."[4]

D)    Paralegal Fees:

Plaintiff asserts that federal courts must apply state law as to attorney fees in diversity actions and asserts that Idaho state law does not contemplate inclusion of paralegal fees as attorney fees or costs.  (Dkt. No. 207, p. 3).  Defendants maintain that they seek fees under

---

[3]  While the summary of fees provided sufficient detail as to the work performed, had the summary format been more user friendly the Court's decision would have been rendered much sooner and with much less time expended by the Court.  Given that these records extended over several years and contained records of ten individuals, the summaries could have included total amounts as to hours expended and total amounts billed as to each person or some other conclusory type of information - per month, at the end of each page, etc. - would have assisted the Court's evaluation.

[4]  Having considered the factors set forth in Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir.1975), cert. denied, 425 U.S. 951 (1976), the Court concludes that the present case does not represent one of those rare instances where the lodestar figure should be adjusted on the basis of other considerations. Harris v. Marhoefer, 24 F.3d 16, 18 (1994).

federal law, § 1988 and § 11113, not state law and, therefore, such fees are proper.  As stated previously, this is not a diversity case.  Although that there are both state and federal claims and both sides have invoked both state and federal law on these motions, the Court will apply federal law as it has been dispositive of the claims and determinative of the Defendants' status as the prevailing party.

Under Federal law paralegal fees are included in attorney fee awards.  See Missouri v. Jenkins, 491 U.S. 274 (1989) (finding that "reasonable attorney fees" provided for by § 1988 includes paralegal services); United States Football League v. National Football League, 887 F.2d 408, 415-16 (2nd Cir. 1989) (Hourly market rate for paralegal services was includable in attorney fees award under Clayton Act. Clayton Act, § 4, 15 U.S.C.A. § 15.).  It is proper to include the paralegal fees in the award of attorney fees.  The services of the paralegals in this case were necessary to aid the attorneys in efficiently defending the action.  There were several claims raised, various experts, and a significant amount of discovery which the paralegal staff organized, indexed, and otherwise assisted in the use of by the attorneys.  Therefore, the paralegal fees are properly included in the attorney fee award.

III. Expert Witness Fees:

Defendants seek payment for the fees paid to their own experts, Dennis Reinstein and Dr. James Scheel, and to recover costs and attorney fees and expert fees expended in defending against Plaintiff's expert, Larry Lucas.  The motion is made pursuant to 42 U.S.C. § 11113 as "costs of suit" and pursuant to Idaho Code § 12-101 and Idaho Rules of Civil Procedure 37(c), 54(d).  Plaintiff asserts that if the Court awards expert witness fees that the maximum amount should be limited as required by Idaho Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1821(b).  As to expert Dr. Scheel Plaintiff maintains that no expert report was ever provided and his services were unnecessary.  As to Mr. Lucas and Mr. Reinstein, Plaintiff asserts the

MEMORANDUM ORDER - 10

Defendants have failed to show that they would not have expended such funds had the supplemental disclosures regarding his testimony been provided sooner.

Under federal law "expert witness fees are not awarded as an ordinary element of costs and may not be awarded absent express, explicit statutory authorization.  In addition, expert witness fees are not an element of attorney fees and may not be awarded simply because an award of attorney fees is authorized by statute."  Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437 (1987).  Further, § 1988's provision for a "reasonable attorney's fee" does not allow for the recovery of expert witness fees.  Clausen v. M/V NEW CARISSA, 339 F.3d 1049, 1066 (9th Cir. 2003) (quoting West Virginia University Hospitals v. Casey, 499 U.S. 83 (1991)).  Where Congress intends to provide for the recovery of expert fees, it specifically provides for such recovery.  Id.  As such, "attorney fees and expert fees are separate elements of litigation costs." Id. (citing Casey, 499 U.S. at 88).  Because neither of the federal statutes applicable to this action provide for recovery of the costs of experts, recovery of expert fees is denied.

IV. Motion for Costs:

Defendants submitted a bill of costs following the voluntary dismissal and, later, an amended bill of costs after the Court entered judgment in favor of the Defendants.  (Dkt. Nos. 168, 202). Plaintiff responded to both bills of costs only stating that the requests were premature because either claims remained or their motion for reconsideration was pending.  (Dkt. Nos. 192, 208). The Court has ruled upon all claims and motions, including the motion for reconsideration.  No other objections were submitted to the bill of costs.

Having reviewed the Defendants' bills of costs the Court concludes the initial bill of costs (Dkt. No. 168) is moot in light of the amended bill of costs (Dkt. No. 202).  The Plaintiff's objection to the bill of costs is also moot.  The Clerk of the Court is directed to consider the Defendants' amended bill of costs (Dkt. No. 202).

**ORDER**

Based on the foregoing and being fully advised in the premises, the Court **HEREBY**

**ORDERS** that Defendants' First Motion for Attorney Fees (Dkt. No. 166) is **DENIED**.

Defendants' Final Motion for Attorney Fees (Dkt. No. 203) is **GRANTED IN PART AND**

**DENIED IN PART** and Defendants are awarded $121,157.10 in fees.  Defendants' bill of costs

(Dkt. No. 168) is **MOOT.**   The Clerk of the Court is directed to consider the Defendants'

amended bill of costs (Dkt. No. 202).

DATED:  **August 3, 2005**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - 12